# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

**FRANK RAY JOHNSON**                                                              **PETITIONER**

v.                                                      **CIVIL ACTION NO. 3:10-CV-P151-H**

**COOKIE CREWS, Warden**                                            **RESPONDENT**

## MEMORANDUM OPINION

Petitioner, Frank Ray Johnson, filed this action pursuant to 28 U.S.C. § 2254, seeking a writ of habeas corpus (DN 1). On preliminary consideration under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court ordered Petitioner to show cause within 30 days why his petition should not be denied and his action dismissed as untimely because the petition appears to be barred by the applicable statute of limitations.

More than 30 days have passed since the entry of that Order, and Petitioner has failed to respond to the Court's Order. Therefore, for the reasons set forth in this Court's prior Order (DN 6) the Court will, by separate Order, dismiss the petition as time-barred.

## CERTIFICATE OF APPEALABILITY

An individual who unsuccessfully petitions for writ of habeas corpus in a federal district court and subsequently seeks appellate review must secure a certificate of appealability ("COA") from either "a circuit justice or judge" before the appellate court may review the appeal. 28 U.S.C. § 2253(c)(1). A COA may not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000).

When a district court denies such a motion on procedural grounds without addressing the merits of the petition, a COA should issue if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural

ruling." *Slack*, 529 U.S. at 484.

When a plain procedural bar is present and a court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the court erred in dismissing the petition or that the petitioner should be allowed to proceed further. *Id.* In such a case, no appeal is warranted. *Id.* The Court is satisfied that no jurist of reason could find its procedural ruling to be debatable. Thus, no certificate of appealability is warranted in this case.

Date:


cc: Petitioner, *pro se*

4412.009

2